1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   DARREN GILBERT,                        Case No.  1:22-cv-01278-AWI-BAM

10              Plaintiff,                  **ORDER VACATING STATUS
                                            CONFERENCE**
11       v.
                                            **ORDER TO SHOW CAUSE RE
12   PRA ENTERPRISE, INC., et al.,          SUPPLEMENTAL JURISDICTION**

13              Defendants.

14

15         On October 6, 2022, Plaintiff Darren Gilbert initiated this action against Defendants PRA

16   Enterprise, Inc. dba Ryderz Restaurant & Lounge, Ramon Saavedra, and Margarita Nieto

17   Villagomez.  (Doc. 1.)  The Complaint asserts claims for injunctive relief under the Americans

18   with Disabilities Act of 1990 ("ADA") and California Health and Safety Code and a claim for

19   statutory damages under California's Unruh Civil Rights Act ("Unruh Act").  (*Id.*)  Defendants

20   have not appeared in this action, and default has been entered against them.  (Doc. 10.)

21         Based upon the recent Ninth Circuit opinion in *Vo v. Choi*, this Court will order Plaintiff

22   to show cause why the Court should not decline to exercise supplemental jurisdiction over

23   Plaintiff's Unruh Act claim. *See* 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022)

24   (holding the district court properly declined to exercise supplemental jurisdiction in a joint Unruh

25   Act and ADA case).  Accordingly, the status conference currently set for March 8, 2023, is

26   HEREBY VACATED.

27         In the Unruh Act, a state law cause of action expands the remedies available in a private

28   action. California, in response to the resulting substantial volume of claims asserted under the

1

1  Unruh Act and the concern that high-frequency litigants may be using the statute to obtain

2  monetary relief for themselves without accompanying adjustments to locations to assure

3  accessibility to others, enacted filing restrictions designed to address that concern.  *Arroyo v.*

4  *Rosas*, 19 F.4th 1202, 1211–12 (9th Cir. 2021).  These heightened pleading requirements apply to

5  actions alleging a "construction-related accessibility claim," which California law defines as "any

6  civil claim in a civil action with respect to a place of public accommodation, including but not

7  limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged

8  violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

9        Moreover, California imposes additional limitations on "high-frequency litigants," defined

10 as:

11        A plaintiff who has filed 10 or more complaints alleging a construction-related
          accessibility violation within the 12-month period immediately preceding the
12        filing of the current complaint alleging a construction-related accessibility
          violation.
13

14 Cal. Civ. Proc. Code § 425.55(b)(1).  The definition of "high-frequency litigant" also extends to

15 attorneys. See Cal. Civ. Proc. Code § 425.55(b)(2). "High-frequency litigants" are subject to a

16 special filing fee and further heightened pleading requirements.  *See* Cal. Gov. Code § 70616.5;

17 Cal. Civ. Proc. Code § 425.50(a)(4)(A).  By enacting restrictions on the filing of construction-

18 related accessibility claims, California has expressed a desire to limit the financial burdens

19 California's businesses may face for claims for statutory damages under the Unruh Act. *See*

20 *Arroyo v. Rosas*, 19 F.4th at 1206-07, 1212.  The Ninth Circuit has also expressed "concerns

21 about comity and fairness" by permitting plaintiffs to circumvent "California's procedural

22 requirements." *Vo v. Choi*, 49 F.4th at 1171.  Plaintiffs who file these actions in federal court

23 evade these limits and pursue state law damages in a manner inconsistent with the state law's

24 requirements.  *See generally*, *Arroyo v. Rosas*, 19 F.4th at 1211–12; *Vo v. Choi*, 49 F.4th at 1171-

25 72.

26        In an action over which a district court possesses original jurisdiction, that court "shall

27 have supplemental jurisdiction over all other claims that are so related to claims in the action

28 within such original jurisdiction that they form part of the same case or controversy under Article

1  III of the United States Constitution." 28 U.S.C. § 1367(a).  Even if supplemental jurisdiction

2  exists, however, district courts have discretion to decline to exercise supplemental jurisdiction.

3  28 U.S.C. § 1367(c). Such discretion may be exercised "[d]epending on a host of factors"

4  including "the circumstances of the particular case, the nature of the state law claims, the

5  character of the governing state law, and the relationship between the state and federal claims."

6  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

7    According to the filings with this Court, Plaintiff Darren Gilbert appears to be a high-

8  frequency filer, with over 200 cases filed in this district within the last two years alone.

9    For these reasons, Plaintiff is ORDERED to show cause, in writing, no later than **March**

10  **21, 2023**, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's

11  Unruh Act claim and related state law claims.  In responding to the show cause order, Plaintiff is

12  further ORDERED to:

13    (1) identify the amount of statutory damages Plaintiff seeks to recover; and

14    (2) provide declarations from Plaintiff and Plaintiff's counsel, signed under penalty of

15  perjury, providing all facts necessary for the Court to determine if each is a "high-frequency

16  litigant."

17    Failure to respond may result in a recommendation to dismiss of the entire action without

18  prejudice.  Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to …

19  comply with … a court order"); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403

20  F.3d 683, 689 (9th Cir. 2005).  Further, an inadequate response will result in the Court

21  recommending that supplemental jurisdiction over Plaintiff's Unruh Act claim be declined and

22  that the Unruh claim be dismissed pursuant to 28 U.S.C. § 1367(c).

23

24  IT IS SO ORDERED.

25   Dated: **February 28, 2023**   /s/ *Barbara A. McAuliffe*

26           UNITED STATES MAGISTRATE JUDGE

27

28